OPINION
P.K. Desai filed a pro se complaint against James Cossett claiming $4,200, interest, and costs for money lent by Desai to Cossett. The loan was to enable Cossett to purchase a truck. Cossett, by counsel, filed an answer and counterclaim wherein he denied owing anything to Desai and asserted several monetary claims against Desai.
The case was scheduled for jury trial and on the day scheduled for trial, Desai, Cossett, and Cossett's counsel appeared before the trial judge and recited their settlement agreement into the record. The judgment entry, which reflects the parties' agreement, states:
 "This matter coming before the Court for trial by jury this 20th day of February, 2002, the parties have reached the following agreement:
 "In consideration of each party dismissing all claims against each other James Cossett shall transfer sole ownership of the truck in question to P.K. Desai. P.K. Desai shall arrange to have the truck removed from its current place of storage in Jamestown, Ohio, by 5:00 p.m. Friday, February 22, 2002. James Cossett will pay all storage charges due through 5:00 p.m. Friday, February 22, 2002. In addition, James Cossett shall pay to P.K. Desai the sum of $1,000.00 on or before March 20, 2002.
 "The Court does approve the above agreement and ORDERS that all claims in the above-captioned case be dismissed with prejudice and that the settlement be incorporated as an order of this Court."
The day after entry of judgment, Cossett filed a pro se "judicial notice of right to rescind begrudged decision made by Def. James Cossett to pay Dr. P.K. Desai $1,000, made herein Feb. 20, 2002." Despite this filing, Desai admits he obtained the truck and received the $1,000.
On March 15, 2002, Desai wrote a lengthy letter to the trial judge which we have treated as a notice of appeal. On April 10, Desai filed a document with this court which we have treated as his appellate brief. Cossett has not filed anything in response.
Desai's brief asserts no assignments of error. Indeed, Desai has no complaint whatsoever with the trial court. Essentially, his dissatisfaction is with the agreement he made to settle the case because he claims the truck is worth less than he thought and because he believes Cossett has not dealt honestly with him.
A direct appeal is not the proper remedy to correct the ills of which Desai complains where there is no record support for his complaints. While the record is full of Desai's assertions about Cossett, there has been no fact finding process to determine the validity of those assertions. The case was scheduled for a fact finding process — a jury trial — but on the day of trial the parties decided to settle their differences. This appeal will be dismissed.
GRADY, J. and YOUNG, J., concur.